IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:17-CV-00091

| | |
|---|---|
| **SHUCKIN SHACK FRANCHISING LLC** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>**v.** )<br>)<br>)<br>**KENNETH MOORE, MICHAEL** )<br>**WIEMERS, DK HOSPITALITY LLC,** )<br>**S&S OF JOHNSON CITY, LLC DBA** )<br>**SHUCKIN SHACK OYSTER BAR,** )<br>**SHUCK N BREW OYSTER BAR LLC** )<br>)<br>**Defendants.** ) | **CONSENT PROTECTIVE ORDER** |

THIS CAUSE came on to be heard upon the joint motion of Plaintiff Shuckin Shack Franchising LLC ("Plaintiff"), and Defendants Kenneth Moore, Michael Wiemers, DK Hospitality LLC, S&S of Johnson City, LLC dba Shuckin Shack Oyster Bar and Shuck N Brew Oyster Bar LLC, ("Defendants"); and it appearing to the Court that discovery and the trial in this action may involve the production and disclosure of confidential, proprietary, or sensitive information requiring protection against unrestricted disclosure or use;

THEREFORE, IT IS HEREBY STIPULATED, AGREED AND ORDERED that pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following confidentiality provisions shall govern all information and documents disclosed in discovery in this action:

1. Certain information and documents to be produced by Plaintiff and Defendant during discovery in this litigation may contain trade secrets or other proprietary, confidential research, development, or commercial information that should be considered confidential and

protected from unreasonable disclosure pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

2. The information and documents to be considered as confidential and disclosed only in accordance with the terms of this Consent Protective Order ("this Order") shall include, without limitation, all documents or information whether in hard copy or electronic form designated in accordance with the terms of this Order and supplied in response to the demands or requests of either party, formal or informal, regardless of whether said information is produced or disclosed by a party or by any affiliated person or entity, or formerly affiliated person or entity.

3. All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" in accordance with the terms of this Order and disclosed in discovery in this action shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.

4. "Discovery Material" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this action. Any party may, in good faith, designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY." Discovery Material designated "CONFIDENTIAL" shall contain proprietary information, whether personal or business-related. Certain limited types of "CONFIDENTIAL" information may be alternatively designated, as defined and detailed below, as "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY." The "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or

proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery Material. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information, as used in this Order, shall refer to any information so designated.

5. All information designated "CONFIDENTIAL" shall be maintained in confidence by the parties to whom such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except:

(a) The Court (including court reporters, stenographic reporters and videographers, and court personnel);

(b) The attorneys of record, their partners, employees, contractors, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

(c) Officers or employees of Plaintiff in this action, and officers and employees of Defendant in this action; provided, that such officers or employees shall receive such "CONFIDENTIAL" information solely on a "need to know" basis for purposes of prosecuting or defending this litigation and for no other purposes;

(d) Subject to the terms of paragraph 14 below, experts and their staff and litigation support personnel and their staff retained by Outside Counsel in this litigation; and

(e) Any other person as to whom the producing party agrees in writing prior to such disclosure.

6. All information designated as "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" shall be maintained in confidence for use by the attorneys of the parties, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person except those listed in subparagraphs (a), (b), (d) and (e) of paragraph 5 above.

7. Nothing in the Order shall be taken as assent by a non-producing party that designated information is in fact "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY," or is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. If counsel for the non-producing party believes that a confidentiality designation is not appropriate or justified, counsel for the non-producing party will notify counsel for the producing party of its belief that the information should not be so designated or should be disclosable to persons other than those allowed by this order. A party shall not be obligated to challenge the propriety of a designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If the parties do not reach agreement on the correct designation of the information within ten (10) business days of service of a challenge, the non-producing party may file a motion with the Court setting forth the non-producing party's reasons as to why the designation should be changed. Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this Order, the contested designation shall remain in place and treated consistently with the terms of this Order.

8. Information which shall be presumptively HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY includes information concerning previously non-publicly known future product designs, future business plans, unpublished and pending patent applications; the identities and addresses of a company's customers; and other HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY commercial information. If the information is designated

"HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" by the producing party, and counsel for the non-producing party believes that the "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" designation is not necessary and desires to show the information to the non-producing party, counsel for the non-producing party will notify counsel for the producing party of its belief that the information should not be designated "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY."

9. Nothing in this Order shall preclude any party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than that provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

10. No designation of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" shall be effective unless there is placed or affixed on such document a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" notice or the equivalent. Where practicable, such notice shall be placed near the Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium, such notice shall be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" in accordance with the provisions of Paragraph 15 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure prior to such notification shall not be a violation of this Order.

11. All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information shall be maintained under the control of Outside Counsel, who shall be

responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

12. Before filing any information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within ten (10) days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

13. Information produced by non-parties during the course of this action may be

designated under this Order by such non-party or by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" by following the procedures set forth herein or may be deemed so confidential as not to be disclosed under any circumstances. Information so designated and produced by third parties shall thereafter be treated by the parties in the same manner as if produced with such designation by a party. A producing non-party shall have all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

14. Prior to disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information to any third parties, to include persons employed to act as outside consultants or experts, translators, or interpreters in this action, subject to subparagraphs 14(b-e), counsel for the party seeking disclosure shall require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A, a copy of which shall be promptly provided to opposing counsel and a copy thereof served on all other counsel of record. In addition, counsel for the party seeking disclosure shall comply with the following:

(a) Ten days prior to disclosure to any third party, Counsel for the party seeking disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information, shall provide, subject to subparagraphs 14 (b-e) to opposing counsel and to any non-party from which the material originated, if applicable, the name, address, and present employer of such outside consultant or expert, translator or interpreter. Opposing counsel and/or such non-party shall then have a period of ten business (10) days after receipt of such information to challenge the disclosure of "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL ATTORNEYS EYES ONLY" information to such person in this action, by serving a written statement of the challenge upon the party seeking to make such disclosure.

    (b)    Any challenge shall be ruled on by the Court prior to disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information.

    (c)    Nothing in this Paragraph shall be deemed to enlarge or restrict the right of any party to conduct discovery of any expert.

    (d)    Nothing in this Order shall be construed as requiring: i) that routine outside suppliers of litigation support services such as photocopying, scanning, or coding execute the attached Nondisclosure Agreement; or ii) that the opposing party utilizing such services must disclose the identity of such service suppliers to the opposing party or counsel.

    (e)    Nothing in this Order shall be construed as requiring that the identity of graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing party or counsel. However, any party utilizing such services is required to have such proposed service provider conduct a conflict check and execute the attached Nondisclosure Agreement.

15.    Nothing in this Order shall prevent or restrict any person from using or disclosing in any manner its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information that it has produced or disclosed in this litigation.

16.    Nothing in this Order shall prevent disclosure beyond the terms of this Order of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information if the parties to this action and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure,

orders that disclosure be made. Any party may at any time request the Court, after notice to the opposing party and to the non-party from which the material originated, if applicable, to modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information.

17. Nothing herein shall prohibit a party, or its counsel, from disclosing any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" to the person the document identifies as an author or recipient of such document, or to any person that evidence shows to have already viewed the document, been told of its contents or who previously had legal access to the document or information.

18. Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" by indicating on the record at the deposition that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" and is subject to the provisions of this Order. All such portions of the transcript shall be appropriately marked by the court reporter and shall be treated by the parties as set forth herein. Testimony in a deposition may also be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" by notifying the deposing party in writing within ten (10) business days of the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY," as the case may be. No deposition may be read by anyone other than the deponent, the attorneys for the parties, and those qualified to see "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" material under Paragraph 7 during the twenty-one (21) day period following a deposition unless otherwise agreed upon among the

attorneys. Upon being informed that certain portions of a deposition disclose either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information, each party must cause each copy of the transcript in its custody or control to be marked immediately.

19. Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable as contempt of court. Any person or entity that produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the Nondisclosure Agreement and may pursue all remedies available for violation thereof. No provision of this Order shall be deemed to require any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order shall prevent or prohibit any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

20. Nothing herein and no action taken under this Order shall constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any hearing. The production of any documents or information that the producing party claims to be privileged shall be governed by the facts and applicable law.

21. Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days within which they may petition the Clerk of Court to return to the party which filed them all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES

ONLY" information, and documents and things containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information, that have been filed under seal with the Court. Any and all originals and copies of Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify Outside Counsel for the producing party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its Outside Counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be. The parties should agree to reasonable extensions of time to complete the return of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY" information, if necessary.

  22. The restrictions set forth in any of the preceding paragraphs of this Order shall not apply to information that:

   (a) Was, is, or becomes public knowledge or publicly accessible not in violation of this Order; or

   (b) Was lawfully possessed by the non-designating party prior to the date of

this Order.

23.  This Order shall continue in full force and effect after the termination of this litigation, including all appeals, and the Court shall retain jurisdiction necessary to enforce the terms of this Order.  However, this Order shall be subject to revocation or modification by order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

24.  The parties agree to submit this Order for entry by the Court and to be bound by the terms prior to entry by the Court.

This the 5th day of July, 2017.

| HODGES COXE POTTER & PHILLIPS, LLP<br>Attorneys for Plaintiff | COATS & BENNETT, PLLC<br>Attorneys for Defendants |
|---|---|
| By: */s/ Samuel B. Potter*<br>   Samuel B. Potter<br>   NC State Bar No. 35,510<br>   3907-100 Wrightsville Avenue<br>   Wilmington, NC 28403<br>   Telephone: (910) 772-1678<br>   Facsimile:  (910) 799-7119<br>   Email:  sam@hcpplaw.com | By: */s/  Anthony J. Biller*<br>   Anthony J. Biller<br>   NC State Bar No. 24,117<br>   1400 Crescent Green, Suite 300<br>   Cary, NC 27518<br>   Telephone: (919) 854-1844<br>   Facsimile:  (919) 854-2084<br>   Email:  abiller@coatsandbennett.com |

Dated:  July 10, 2017

_Robert T. Numbers II_

Robert T. Numbers, II
United States Magistrate Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION
Case No. 4:17-CV-00091

| | |
|---|---|
| **SHUCKIN SHACK FRANCHISING LLC** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>**v.** )<br>)<br>)<br>**KENNETH MOORE, MICHAEL** )<br>**WIEMERS, DK HOSPITALITY LLC,** )<br>**S&S OF JOHNSON CITY, LLC DBA** )<br>**SHUCKIN SHACK OYSTER BAR,** )<br>**SHUCK N BREW OYSTER BAR LLC** )<br>)<br>**Defendants.** )<br>) | **NONDISCLOSURE AGREEMENT UNDER CONSENT PROTECTIVE ORDER** |

The undersigned, having read the Consent Protective Order (the "Protective Order") entered in this action, understands the terms thereof, and intending to be legally bound thereby, agrees as follows:

1. All information and documents disclosed to the undersigned pursuant to the Protective Order shall be used only in connection with the above-captioned action (the "Litigation") and shall not be used for any business or other purpose.

2. Such information and documents shall be disclosed to and discussed only with the parties' outside counsel and other persons so authorized pursuant to the terms of the Protective Order, who have in accordance with the provisions of the Protective Order executed a similar Nondisclosure Agreement. Neither such documents or information nor information acquired or extracted from such documents or information will be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in

compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4. The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation, including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and/or his/her employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated: _____

_____
Signature

_____
Printed Name

_____
_____
Address

_____
Employer(s)